IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J. GREGG WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-00019-SRB |
| | ) |
| ROBERT W. KORNEGAY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff J. Gregg Whittaker's Motion for Partial Summary Judgment. (Doc. #50). For the reasons stated below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion is granted as to liability and is denied as to the amount of damages.

**I.  Legal Standard**

Plaintiff moves for summary judgment only on Count V – Breach of Contract – in the seven-count Complaint. A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of

law." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011) (citation omitted). A party opposing summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007) (citation omitted). Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (citing *Anderson*, 477 U.S. at 248).

## II.     Background and Discussion

Many of the facts relied on by the parties are uncontroverted. Considering the parties' factual positions as well as the record made at the in-person hearing held on December 17, 2015, in the light most favorable to the Defendant as the non-moving party, the Court finds the relevant facts to be as follows:

The claims in this case, including the claim at issue here – Count V-Breach of Contract – arise from a failed business partnership. Plaintiff and Defendant formed four Florida limited liability companies to manage, lease, and own real estate, including Kornegay-Whittaker Warehouse #2, L.L.C. ("Warehouse #2"), which owned an office/warehouse at 475 Capital Circle, Tallahassee, Florida. The property included a cell tower. The parties decided to part ways, and as part of the division of companies, Plaintiff agreed to transfer his interest in Warehouse #2 to Defendant in accordance with the terms of a transfer agreement. The transfer

agreement provided in part that upon sale of the property, Plaintiff was entitled to receive one-half of the sale proceeds attributable to the cell tower lease and one-half of the income related to the cell tower lease between the date of the transfer agreement and the date of sale. The property and cell tower were sold on February 14, 2013. Plaintiff states in his motion that Defendant has paid him nothing and thereby violated the terms of the transfer agreement. Plaintiff further states that he is entitled to a definite amount in the sum of $44,517.49 and asks the Court to enter judgment in his favor in that amount plus interest.

In his opposition Defendant does not contest the validity of the transfer agreement or the requirement that he pay Plaintiff one-half of the sale proceeds attributable to the cell tower lease. Defendant states in his affidavit in support of his opposition, "When the partnership of KORNEGAY WHITTAKER WAREHOUSE #2 sold, [Plaintiff] was entitled to 50% of the appraised value of the cell tower." (Doc. #61-1, ¶5). Defendant also admits that he has not paid directly to Plaintiff any money in satisfaction of this contractual requirement. Rather, Defendant states in his affidavit, "[Plaintiff] is not due any monies from the cell tower sale, because he has already received substantial monetary benefits from me via payments made by the partnerships operating account on his behalf to Pony Express Bank and for improvements of partnership assets and interests of which he was/is 50% owner." (Doc. #61-1, ¶8).

"The elements of a breach of contract claim are: '(1) the existence of an enforceable contract between the parties; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) resulting damage of the other party.'" *Lakeridge Enters., Inc. v. Knox*, 311 S.W.3d 268, 271 (Mo. App. W.D. 2010) (quoting *Midwest Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 128 (Mo App. E.D. 2008)). By Defendant's own factual statements, liability on Count V has been

3

established. The Court finds, however, that a genuine issue of material fact remains as to the amount of damages and denies summary judgment on that point. *See SAK Constr. of CA, L.P. v. PSC Indus. Outsourcing, L.P.*, No. 4:11-cv-01479-ERW, 2012 WL 3765096, at *12-13 (E.D. Mo. Aug. 30, 2012) (granting summary judgment on breach of contract claim as to liability only and denying summary judgment as to damages).

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiff J. Gregg Whittaker's Motion for Partial Summary Judgment (Doc. #50) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to Count V-Breach of Contract only on the issue of liability. The motion is denied as to Count V-Breach of Contract on the issue of the amount of damages.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2016